IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCY LUCCHESI, individually and on behalf of similarly situated individuals,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SPECIALIZED EDUCATION OF ILLINOIS, INC., an Illinois corporation, SPECIALIZED EDUCATION SERVICES, INC., a Delaware corporation, and FB TOPCO, INC., a Delaware corporation,<br><br>    *Defendants*. | Case No. 1:24-cv-01732<br><br>Hon. Judge Jorge L. Alonso<br><br>Magistrate Jeannice W. Appenteng |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Marcy Lucchesi, individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendants, Specialized Education of Illinois, Inc., Specialized Education Services, Inc., and FB Topco, Inc. d/b/a FullBloom (collectively, "Defendants") for their violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 *et seq*., and to obtain redress for persons harmed by Defendants' unlawful conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1. This case concerns Defendants' unlawful solicitation of employees' and job applicants' genetic information. Defendants require potential employees as a condition of

employment to undergo a physical exam during which genetic information in the form of their family medical history is requested without complying with GIPA's privacy protections.

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination where employers obtain such information – the Illinois General Assembly enacted GIPA in part to regulate employers' solicitation and use of genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and
>
> (4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a

disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendants have violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8. Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendants continue to request that their employees and prospective employees provide protected familial medical history in violation of GIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's Illinois genetic privacy rights.

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

3

10. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with GIPA as well as recovery of statutory damages under GIPA, reasonable attorneys' fees and costs, and other litigation expenses.

**PARTIES**

11. Plaintiff Marcy Lucchesi is a natural person and at all relevant times has been a resident of Illinois.

12. Defendant Specialized Education of Illinois, Inc. is a corporation organized under Illinois law and registered with the Illinois Secretary of State to transact business in Illinois, including in Cook County. On information and belief, Defendant Specialized Education of Illinois, Inc. is a subsidiary of Defendant FB Topco, Inc. d/b/a FullBloom, an affiliate of Defendant Specialized Education Services, Inc., and formerly Plaintiff's direct employer during the time period relevant to the claims in this matter.

13. Defendant Specialized Education Services, Inc. is a corporation organized under Delaware law, and it conducts substantial business throughout Illinois, including in Cook County. On information and belief, Defendant Specialized Education Services, Inc. is a subsidiary and division of Defendant FB Topco, Inc. d/b/a FullBloom and the owner and operator of the facility where Plaintiff was employed during the time period relevant to the claims in this matter.

14. Defendant FB Topco, Inc. d/b/a FullBloom (hereinafter "FullBloom"), is a corporation organized under Delaware law, and it conducts substantial business throughout Illinois, including in Cook County. On information and belief, FullBloom is a corporate parent of Defendant Specialized Education Services, Inc. and Defendant Specialized Education of Illinois, Inc.

15. Together, Defendants jointly provide for-profit educational services in Illinois. At all times relevant to the claims in this matter, there has been substantial overlap among Defendants' management and operations. For instance, Defendant FullBloom and Defendant Specialized Education Services, Inc. both share the same offices and principal place of business located at 150 Rouse Blvd., Suite 210, Philadelphia, Pennsylvania 19112. Further, on information and belief, Defendants share a number of key executives. For example, Dawn Thomas is an executive with FullBloom and serves as the President of FullBloom's SESI (Specialized Education Services, Inc.) division. Dawn Thomas is also listed in filings with the Illinois Secretary of State as the president of Defendant Specialized Education of Illinois, Inc.

16. At all times relevant to the claims in this matter, Defendant FullBloom managed and exercised substantial control over its subsidiaries, Defendants Specialized Education Services, Inc. and Specialized Education of Illinois, Inc.

17. Due to the substantial overlap between Defendants' management and operations, Defendants share joint control over matters relating to onboarding employees, many of the essential terms and conditions of the putative class members' employment, and employee management practices, including with respect to privacy and data protection matters.

18. Moreover, FullBloom's VP of Human Resources has access to the operations and employment records of FullBloom's subsidiaries through its unified human resources and payroll systems. Those systems contain the records of employees of FullBloom's SESI division, including records pertaining to Plaintiff Marcy Lucchesi's employment.

## JURISDICTION AND VENUE

19. This matter was removed from the Circuit Court of Cook County, Illinois to federal court on the basis that this Court has federal subject matter jurisdiction pursuant to the Class Action

Fairness Act, 28 U.S.C. § 1332(d) *et seq*. The Notice of Removal asserts that this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; and at least one putative class member is a citizen of a state other than Defendants' states of citizenship.

20. This Court may assert personal jurisdiction over Defendants, because Defendants are knowingly doing business within this State and knowingly transact business within this State such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, namely, Defendants' act of directly or indirectly soliciting, requesting, requiring, or purchasing genetic information of job applicants as a condition of the applicants' employment or preemployment application in Illinois, including Plaintiff's.

21. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and because a substantial part of the conduct giving rise to Plaintiff's claims occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

22. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

23. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing

6

a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

24. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

25. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

26. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

27. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

28. Defendants are each an "employer" as defined by GIPA, and together they jointly employed Plaintiff for purposes of GIPA.

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

29. Defendants are providers of educational services and employ at least one hundred individuals in Illinois.

30. As part of their hiring process, Defendants require their prospective employees to undergo a physical examination.

31. Defendants' physical examinations include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

32. Defendants thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or as part of their preemployment application.

## FACTS SPECIFIC TO PLAINTIFF

33. In or around June of 2021, Plaintiff Marcy Lucchesi applied for a job with Defendants and was hired for a Paraprofessional position at High Road School of Mount Prospect in Mount Prospect, Illinois.

34. As part of the application and hiring process, and as a precondition of employment, Defendants required Plaintiff to submit to a physical examination.

35. During the examination, Defendants required Plaintiff to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff's family members had a history of cancer, dementia, and other medical conditions.

36. In response, Plaintiff disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

37. Thus, Plaintiff's sensitive genetic information was solicited by Defendants and obtained by Defendants as a condition of her employment.

38. By requiring Plaintiff to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") defined as follows:

> All individuals who applied for employment with Defendants in Illinois and from whom Defendants, or an agent acting on behalf of Defendants, have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.

40. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

41. Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

42. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same, and because Defendants' conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendants' GIPA violations.

43. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants' conduct is subject to GIPA;

    b. Whether Defendants directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c. Whether Defendants' violations of GIPA were negligent;

    d. Whether Defendants' violations of GIPA were reckless or intentional; and

    e. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

44. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

45. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

46. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Defendants are companies that employ individuals within the state of Illinois and therefore meet the definition of an "employer" under GIPA. 410 ILCS 513/10.

49. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

50. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

51. As a precondition of their employment with Defendants, Plaintiff and the Class were required to undergo physical exams, wherein Defendants required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendants directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information.

52. Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendants as part of their employment applications and during the physical exams they underwent.

53. The information obtained from Plaintiff and the Class by Defendants is the type of information protected by GIPA. 410 ILCS 513/10.

54. Plaintiff and the other Class members have been aggrieved by Defendants' above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

55. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(1)-(2).

56. Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with GIPA.

57. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcy Lucchesi, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with GIPA pursuant to 410 ILCS 513/40(a)(4);

d. Awarding statutory damages of $15,000 for each reckless or intentional violation

of GIPA pursuant to 410 ILCS 513/40(a)(2);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 24, 2024

Respectfully submitted,

MARCY LUCCHESI, individually and on behalf of similarly situated individuals,

By: /s/ *Andrew T. Heldut*
One of Plaintiff's Attorneys

Paul T. Geske
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
pgeske@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on June 24, 2024 I filed the foregoing *First Amended Class Action Complaint* with the Clerk of Court using the Court's CM/ECF system, which will cause a copy of said document to be electronically transmitted to all counsel of record.

By: /s/ *Andrew T. Heldut*
Andrew T. Heldut