UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Marcy Lucchesi, individually and
on behalf of similarly situated individuals

        Plaintiff,

v.

Specialized Education of Illinois, Inc., *et al.*,

        Defendants.

Case No. 24 C 1732

Honorable Jorge L. Alonso

## Memorandum Opinion and Order

In contesting whether the Court should allow jurisdictional discovery, the parties primarily dispute whether the Court may consider the circumstances only at the time of removal when deciding whether to remand a removed class action based on an exception to the exercise of subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), or instead may consider subsequent developments—specifically, the identity and citizenship of a defendant who was added to the case after the case was removed. The Court agrees with Plaintiff Marcy Lucchesi that it may consider later developments and that expedited jurisdictional discovery regarding whether a CAFA exception applies is warranted so the parties and the Court may evaluate whether this case should be remanded to Illinois state court. The Court therefore grants Lucchesi's motion for expedited jurisdictional discovery (ECF No. 24).

## Background

According to Lucchesi's amended complaint, she applied for a job with Defendants in June 2021 and was hired as a paraprofessional at High Road School of Mount Prospect in Mount Prospect, Illinois. (Pl.'s First Amended Complaint ¶ 33, ECF No. 23.) During the application and hiring process, Lucchesi had to undergo a physical examination, which included answering

1

questions about her family medical history. (*Id.* ¶¶ 34–35.) Lucchesi's answers allegedly included genetic information, which an employer is prohibiting from soliciting or requesting under Illinois's Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1, *et seq.* (*Id.* ¶¶ 25–32, 36–38.) Defendants required all applicants to disclose this information. (*Id.* ¶¶ 30–32.)

In January 2024, Lucchesi filed a class-action complaint in the Circuit Court of Cook County against Specialized Education Services, Inc., FB Topco, Inc., and two entities collectively doing business as "Camelot Education." Lucchesi alleged that those defendants violated GIPA by requiring her to disclose her family medical history during her job-application process, and that the defendants did the same for other job applicants who make up the proposed class. In February 2024, the then-defendants removed the case to this District, claiming federal jurisdiction under CAFA because Lucchesi seeks to represent over 100 members, the amount in controversy exceeds $5 million, and there is minimal diversity of citizenship because at least one defendant was not an Illinois citizen like Lucchesi.

In response, Lucchesi moved for expedited jurisdictional discovery regarding whether CAFA's local-controversy exception or home-state exception applies and thus requires the Court to decline to exercise subject-matter jurisdiction, and asked the Court to stay her deadline to move to remand the case until that discovery was completed. Lucchesi later withdrew her motion and filed an amended complaint that removed Camelot Education and added Specialized Education of Illinois, Inc. ("SEI"), an Illinois corporation and FB Topco subsidiary, and her former direct employer, as a defendant. Lucchesi then filed a new motion for expedited jurisdictional discovery regarding the CAFA exceptions, which the Court now considers.[1] (ECF No. 24.).

---

[1] The Court stayed all deadlines until the Court ruled on Lucchesi's motion. (ECF No. 22.)

## Discussion

A federal court usually has jurisdiction over a state-law claim only if no defendant is a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a). But under CAFA, a class-action lawsuit may also be heard if just one defendant is a citizen of a different state than the plaintiff, so long as the matter in controversy exceeds $5 million and the proposed class includes at least 100 members and does not include states or certain governmental entities as primary defendants. 28 U.S.C. § 1332(d). That is the case here—the parties agree that Lucchesi is an Illinois citizen and at least one of the defendants isn't.

Still, CAFA directs a court to decline to exercise this jurisdiction under two exceptions— the so-called "home-state" and "local-controversy" exceptions. CAFA's home-state exception applies when the state in which the action was filed is the state of citizenship for at least two-thirds of the proposed class members and for the "primary defendants." 28 U.S.C. § 1332(d)(4)(B). The local-controversy exception applies when the state in which the action was filed (1) is the state of citizenship for over two-thirds of the proposed class members, (2) is the state of citizenship for at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims, and (3) is the state in which principal injuries from the alleged conduct were incurred; and (4) no other class action has been filed asserting similar factual allegations against any of the defendants within the preceding three years. 28 U.S.C. § 1332(d)(4)(A).

The parties dispute whether the home-state or local-controversy exception could apply and whether jurisdictional discovery into the issue is warranted. A court may in its discretion permit jurisdictional discovery into whether a CAFA exception applies if the plaintiff has sufficiently shown that an exception likely applies, and the requested information is readily

3

available to the defendants. *See Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (Table), 2000 WL 1919678, at *3 (7th Cir. 2000); *Young v. Integrity Healthcare Cmtys., LLC*, 513 F. Supp. 3d 1043, 1052 (S.D. Ill. 2021).

To bolster her claim that a CAFA exception likely applies, Lucchesi amended her complaint to add SEI, an Illinois citizen. SEI's Illinois citizenship, if considered, makes it more likely that an exception applies—assuming that two-thirds of the proposed class members are Illinois citizens too (and assuming that SEI is either the primary defendant or a defendant from whom Lucchesi seeks significant relief)—and thus that discovery is warranted. Defendants argue that SEI should not be considered at all for CAFA-exception purposes because it was not a defendant at the time of removal—and that without SEI, neither CAFA exception can apply and jurisdictional discovery thus would be futile. Lucchesi replies that post-removal developments, including SEI's inclusion, may be considered and justify jurisdictional discovery.

The Seventh Circuit has not yet resolved this question, *Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1051 (7th Cir. 2022), and the Court agrees with those in this District that have concluded that deciding whether a court should decline to exercise CAFA jurisdiction may consider post-removal developments. *See Pecho v. Maui Jim, Inc.*, No. 21-CV-06202, 2022 WL 4609527, at *3 (N.D. Ill. Sept. 29, 2022); *McInnis v. SureStaff, LLC*, No. 21 C 0309, 2021 WL 4034072, at *1 (N.D. Ill. Sept. 3, 2021) ("[I]t is clear that . . . changes to the action may be taken into account under CAFA's 'decline to exercise' clause."). As explained in *Pecho*, "whether the court has CAFA jurisdiction and whether it must decline to exercise it are two distinct inquiries"—though the former might focus on the circumstances as they existed at the time of removal, the latter may consider post-removal developments and conclude that those developments warrant declining to exercise CAFA jurisdiction based on a CAFA exception.

2022 WL 4609527, at *3; *see Mullen v. GLV, Inc.*, 37 F.4th 1326, 1328 (7th Cir. 2022) (stating that CAFA exceptions "address how the jurisdiction granted by [CAFA] should be managed" and so are "more like abstention doctrines than limitations on subject-matter jurisdiction"); *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (stating that a CAFA exception "concerns whether the court exercises jurisdiction to the full, not whether jurisdiction exists").

This Court appreciates that it reached a seemingly different conclusion in *Treadwell v. Power Solutions Int'l, Inc.*, No. 18 C 8212, 2019 WL 3555277, at *2 (N.D. Ill. Aug. 5, 2019). However, in that case the distinction between determining whether the Court has jurisdiction under CAFA and, on the other hand, whether the Court should decline to exercise that jurisdiction under a CAFA exception was not squarely presented to or addressed by the Court. *See id.* (stating merely that "jurisdiction under CAFA is determined at the time of removal"); *see also Pecho*, 2022 WL 4609527, at *3 ("Notably, the *Treadwell* court did not cite to *Myrick* and did not grapple with the distinction between having jurisdiction and declining to exercise it."). The *Treadwell* case thus is not particularly informative for the present dispute.

The Court concludes that its evaluation of whether to remand this case based on a CAFA exception may consider post-removal developments, including Lucchesi's addition of SEI as a defendant, and the Court will consider SEI for CAFA-exception purposes. It also appears likely that at least two-thirds of the proposed class members were Illinois citizens, given that they applied for employment in Illinois—though discovery will inform that factual issue and perhaps others. Therefore, because Lucchesi has sufficiently shown that the home-state or local-controversy exception likely prevents the Court from exercising its jurisdiction, discovery into whether a CAFA exception applies is appropriate.

Defendants argue that even if SEI is considered, the home-state exception under CAFA still could not apply because Lucchesi does not allege specific SEI conduct that would render it a "primary defendant." But whether SEI's conduct renders it a primary defendant need not be resolved now—for one, Defendants do not contest that CAFA's local-controversy exception might apply and require remand if SEI is considered, so discovery is warranted regardless. The Court therefore allows Lucchesi to conduct jurisdictional discovery into whether a CAFA exception applies and will consider the issue on the merits once discovery has concluded.

## Conclusion

The Court therefore grants Lucchesi's motion for expedited jurisdictional discovery (ECF No. 24) and grants Lucchesi leave to conduct expedited jurisdictional discovery regarding the whether a CAFA exception applies. Lucchesi shall issue its jurisdictional discovery requests within 14 days following entry of this order, and Defendants shall respond to those requests within 28 days thereafter. The Court extends the current stay of Lucchesi's deadline to file a motion for remand until 21 days after jurisdictional discovery is completed. The Court refers this case to the magistrate judge to supervise jurisdictional discovery, set and extend discovery deadlines, and, if requested by the parties, assist with settlement.

**SO ORDERED.**                  **ENTERED: January 17, 2025**

                                                           **HON. JORGE ALONSO**
                                                           **United States District Judge**